a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KAKHA KIKVADZE #A213-429-687,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00154<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CHAD WOLF,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed by *pro se* Petitioner Kakha Kikvadze ("Kikvadze").  Kikvadze is a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") detained at the LaSalle Detention Center in Jena, Louisiana.  He seeks his release from custody due to prolonged detention and the COVID-19 pandemic.

Because Kikvadze has failed to comply with a Court Order, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Kikvadze is a native and citizen of Georgia who was ordered removed on June 3, 2020.  ECF No. 1-2 at 22.  Kikvadze alleges that his detention amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution and violates *Zadvydas v. Davis*, 533 U.S. 678 (2001).  ECF No. 1, 2.

Kikvadze allegedly suffers from chronic back pain, arthritis, and kidney and liver dysfunction arising from excessive use of tramadol. ECF No. 3 at 12. However, these illnesses are not documented in the medical records Kikvadze provides.

On April 28, 2020, Kikvadze tested positive for COVID-19. ECF No. 1-2 at 2. He subsequently recovered from the virus, but alleges to have "breathing problems arising from testing positive for COVID-19." ECF No. 3 at 13.

In November 2020, Kikvadze sought medical treatment due to chest pain, dizziness, and a "racing heart." ECF No. 1-2 at 13. Kikvadze was examined and found to have normal heart rhythm and clear lungs. *Id.* at 14.

Kikvadze was ordered to amend his Petition by March 11, 2021 to provide factual allegations in support of his *Zadvydas* claim. ECF No. 10. To date, no Amended Petition has been filed.

## II. Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Kikvadze has failed to comply with the Court's Order (ECF No. 10) to amend his Petition, and he has not requested an extension of time within which to comply.

### III. Conclusion

Because Kikvadze has failed to comply with the Court's Order (ECF No. 10) to Amend his Petition, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, April 1, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE